# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| C B M Ministries of South Central Pennsylvania, Inc., | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 206 M.D. 2018 |
| | : | Argued: December 13, 2018 |
| Commonwealth of Pennsylvania, Department of Transportation; and Commonwealth of Pennsylvania, Pennsylvania State Police; and Leslie S. Richards, in her official capacity as Secretary of the Pennsylvania Department of Transportation and Colonel Tyree C. Blocker, in his Official capacity as acting commissioner of the Pennsylvania State Police, Respondents | : | |

**BEFORE:** **HONORABLE P. KEVIN BROBSON, Judge**
**HONORABLE CHRISTINE FIZZANO CANNON, Judge**
**HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge**

*OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**BY JUDGE BROBSON**     **FILED:  January 9, 2019**

Before the Court in our original jurisdiction is the preliminary objection of the Commonwealth of Pennsylvania, Department of Transportation (PennDOT), the Pennsylvania State Police (PSP), PennDOT Secretary Leslie S. Richards (Secretary Richards), and PSP Commissioner Tyree C. Blocker (Colonel Blocker)

(collectively, Respondents) to an amended complaint (Amended Complaint) filed by C B M Ministries of South Central Pennsylvania, Inc. (CBM). In the Amended Complaint, CBM seeks relief from enforcement of certain provisions of the Pennsylvania Code relating to the transportation of school children. For the reasons that follow, we overrule Respondents' preliminary objection without prejudice.

In ruling on preliminary objections, we accept as true all well-pleaded material allegations in the petition for review and any reasonable inferences that we may draw from the averments. *Meier v. Maleski*, 648 A.2d 595, 600 (Pa. Cmwlth. 1994). The Court, however, is not bound by legal conclusions, unwarranted inferences from facts, argumentative allegations, or expressions of opinion encompassed in the petition for review. *Id.* We may sustain preliminary objections only when the law makes clear that the petitioner cannot succeed on the claim, and we must resolve any doubt in favor of the petitioner. *Id.* "We review preliminary objections in the nature of a demurrer under the above guidelines and may sustain a demurrer only when a petitioner has failed to state a claim for which relief may be granted." *Armstrong Cty. Mem'l Hosp. v. Dep't of Pub. Welfare*, 67 A.3d 160, 170 (Pa. Cmwlth. 2013).

With the above standard in mind, we accept as true the following allegations from the Amended Complaint. CBM, doing business as Joy El Ministries, provides transportation for school children involved in what it refers to as "release time" programs. (Amended Complaint ¶¶ 2, 5.) Pursuant to Section 1546 of the Public School Code of 1949, Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. § 15-1546, schools must "release" students from their custody upon parental request to attend unique religious educational opportunities available through private organizations. (Amended Complaint ¶ 4; 24 P.S. § 15-1546.) CBM

provides transportation services to and from the educational opportunities. (Amended Complaint ¶ 6.) In providing these transportation services, CBM uses its own vehicles, and CBM's drivers all have appropriate licensure to operate a bus. (Amended Complaint ¶ 29.)

On September 23, 2015, a CBM bus was the subject of a traffic stop in a church parking lot while it transported release time participants. (Amended Complaint ¶ 12.) During the traffic stop, the PSP officer performed an impromptu inspection of the bus. (*Id.*) Upon inspection, the PSP officer determined that the bus failed to comply with regulations applicable to school buses.[1] (*Id.*) After the inspection, the PSP officer refused to permit the students to board the bus, and CBM arranged with a private contractor to borrow a bus in order to return the children to school. (*Id.*)

Thereafter, PSP contacted three school districts and informed them that CBM's vehicles did not comply with applicable regulations. (Amended Complaint ¶ 26.) As a result, those school districts no longer permitted their students to utilize CBM's transportation services to attend release time programs. (*Id.*)

In light of the above, CBM filed a complaint against Respondents in the Franklin County Court of Common Pleas on October 23, 2015. Respondents subsequently removed the case to the United States District Court for the Middle District of Pennsylvania. After the federal court granted partial summary judgment to both parties on issues involving federal law, it remanded the claims involving state law. After filing the Amended Complaint in the Court of Common Pleas of Franklin

---

[1] Specifically, the PSP officer found the following violations: (1) failure to have decals on the exterior of the vehicle that identified CBM as the owner, in violation of 67 Pa. Code § 171.55; (2) failure to be painted "National School Bus Yellow," in violation of 67 Pa. Code § 171.47; and (3) failure to have the words "School Bus" on the vehicle, in violation of 67 Pa. Code § 171.55. (Amended Complaint ¶ 13.)

County, the parties stipulated that this Court had original jurisdiction, and the Court of Common Pleas of Franklin County transferred the case.

In the Amended Complaint, CBM asserts that the regulations applicable to school buses—*i.e.*, the regulations that the PSP officer determined CBM's bus violated—are not applicable to CBM.[2] In so doing, CBM avers that PennDOT promulgated those regulations pursuant to its rulemaking authority found in Section 4551(a) of the Vehicle Code, 75 Pa. C.S. § 4551(a), which provides, in part:

> All school buses and all other vehicles used in the transportation of school children, owned by or under contract with any school district or parochial or private school, shall conform to standards prescribed by [PennDOT]. Regulations shall be promulgated by [PennDOT] governing the safe design, construction, equipment and operation of vehicles engaged in the transportation of school children.

CBM contends that it is not subject to the regulations promulgated under Section 4551(a) of the Vehicle Code because those regulations only apply to vehicles "owned by or under contract with any school district or parochial or private school." (Amended Complaint ¶ 16.) Given that CBM is not under contract with any such institution, it argues that the regulations are inapplicable to it, and PSP cannot cite CBM for its lack of compliance thereto. (Amended Complaint ¶ 20.) In so arguing, CBM likens itself to any general use passenger vehicle or bus to which the regulations are not generally applicable. (Amended Complaint ¶ 19.)

The Amended Complaint includes three counts. In the first count (Count I), CBM, proceeding under the Declaratory Judgments Act, 42 Pa.

---

[2] The regulations CBM challenges are located in two separate sections of the Pennsylvania Code: (1) Sections 91 through 93 of Chapter 51 of Title 22, 22 Pa. Code §§ 51.91-51.93, relating to private school transportation; and (2) the entirety of Chapter 171 of Title 67, 67 Pa. Code §§ 171.1-171.150, relating to school buses and school vehicles.

C.S. §§ 7531-7541, seeks relief in the form of this Court: (1) declaring that CBM's vehicles are not subject to the regulations promulgated under Section 4551 of the Vehicle Code; (2) declaring that CBM's vehicles are not "school buses" under 67 Pa. Code § 171.2; and (3) enjoining Respondents from enforcing regulations applicable to school buses against CBM.

The second count (Count II) alleges a violation of the Religious Freedom Protection Act (RFPA).[3] CBM avers that it is motivated by a sincerely held religious belief and its services are a product of that motivation. (Amended Complaint ¶¶ 54-55.) CBM asserts that the enforcement of these regulations substantially burdens its religious exercise and no compelling governmental interest exists to justify that burden. (Amended Complaint ¶¶ 63, 66.) As such, it seeks relief in the form of this Court: (1) declaring that Chapter 171 of Title 67 of the Pennsylvania Code is unconstitutional as applied to CBM; (2) awarding nominal damages for Respondents' constitutional violations; (3) enjoining Respondents from forcing CBM to comply with regulations relating to school vehicles; and (4) awarding attorney's fees.

The third count (Count III) also alleges a violation under the RFPA. CBM avers that it is being singled out for selective enforcement of the regulations, whereas other similarly situated entities are not. (Amended Complaint ¶ 75.) Again,

_____

[3] Act of December 9, 2002, P.L. 1701, 71 P.S. §§ 2401-2407. The RFPA prohibits the Commonwealth from imposing substantial burdens on the free exercise of religion without a compelling interest and a showing that the least restrictive means have been employed to satisfy that interest. *Combs v. Homer-Center Sch. Dist.*, 540 F.3d 231, 234 (3d Cir. 2008). The RFPA defines "substantially burden" as an agency action which does any of the following: (1) significantly constrains conduct or expression mandated by a person's sincerely held religious beliefs; (2) significantly curtails a person's ability to express adherence to his religious faith; (3) denies a person a reasonable opportunity to engage in activities which are fundamental to the person's religion; or (4) compels conduct or expression which violates a specific tenet of a person's religious faith. Section 3 of the RFPA, 71 P.S. § 2403.

CBM asserts that no compelling governmental interest justifies Respondents' enforcement of these regulations against CBM. (Amended Complaint ¶ 76.) CBM seeks the same relief in Count III as it did in Count II.

Thereafter, Respondents filed a preliminary objection, challenging the legal sufficiency of Counts II and III. Respondents assert that Section 6 of the RFPA, 71 P.S. § 2406, expressly provides that the RFPA does not apply to certain provisions of the Vehicle Code. Section 6 of the RFPA, 71 P.S. § 2406, provides, in pertinent part:

> (a) General rule - This act shall apply to any State or local law or ordinance and the implementation of that law or ordinance, whether statutory or otherwise and whether adopted or effective prior to or after the effective date of this act. Any law enacted by the General Assembly after the effective date of this act shall be subject to this act unless the General Assembly expressly excludes that law from this act by specific reference to this act. This act shall not apply to actions of the courts of this Commonwealth or to any rules of procedure or to common law adopted by the courts of this Commonwealth.
>
> (b) Exceptions - Notwithstanding subsection (a) and subject to existing religious exceptions, this act shall not apply to any of the following:
>
> 1. Any criminal offense under 18 Pa. C.S. (relating to crimes and offenses) or under the act of April 14, 1972 (P.L. 233, No. 64), known as The Controlled Substance, Drug, Device and Cosmetic Act, which is graded as a felony or a misdemeanor.
>
> 2. *Any provision of 75 Pa. C.S. (relating to vehicles) which does any of the following:*
>
>    i. *Requires the licensing of motor vehicle operators.*
>
>    ii. *Requires the registration of motor vehicles.*
>
>    iii. *Requires financial responsibility for motor vehicle accidents.*

*iv. Protects the public from the unsafe operation of motor vehicles or from dangerous conditions on the highways.*

(Emphasis added.) Respondents contend that CBM's challenge involves the application of multiple provisions of the Vehicle Code that all serve to protect the public from the unsafe operation of motor vehicles and/or from dangerous conditions on the highways.[4] As the RFPA does not apply to such provisions, Respondents seek dismissal of Counts II and III.

In response, CBM argues that its challenge does not involve provisions of the Vehicle Code exempted by the RFPA, as its challenge is directed towards regulations under Chapter 171 of Title 67 of the Pennsylvania Code. As CBM challenges regulations under the Pennsylvania Code instead of provisions under the Vehicle Code, it asserts that Section 6 of the RFPA does not serve to bar its claim. Alternatively, CBM argues that Section 4551(a) of the Vehicle Code is not meant to protect the *public* but is instead focused on protecting children en route to mandatory education. A separate concern, however, guides our disposition of the preliminary objection.

The Pennsylvania Supreme Court has cautioned "that the courts should not give answers to academic questions or render advisory opinions or make decisions based on assertions as to hypothetical events that might occur in the future." *Phila. Entm't & Dev. Partners, L.P. v. City of Phila.*, 937 A.2d 385, 392 (Pa. 2007). This Court does not have jurisdiction to issue advisory opinions. *Rendell*

---

[4] Specifically, Respondents argue that CBM's challenge involves the following provisions of the Vehicle Code: 75 Pa. C.S. § 4103 (relating to PennDOT's promulgation of vehicle standards); 75 Pa. C.S. § 4551 (relating to safety regulations); 75 Pa. C.S. § 4552 (relating to general requirements for school buses); 75 Pa. C.S. § 4553 (relating to general requirements for other vehicles transporting school children); and 75 Pa. C.S. § 6103 (relating to PennDOT's authority to promulgate regulations).

7

*v. Pa. State Ethics Comm'n*, 938 A.2d 554, 559 (Pa. Cmwlth. 2007), *rev'd on other grounds*, 983 A.2d 708 (Pa. 2009).

Here, our consideration of Section 6 of the RFPA—which exempts provisions of the Vehicle Code from claims that those provisions substantially burden a person's free exercise of religion—is compelled only if we first determine that the regulations apply at all to CBM's conduct. In Count I of the Amended Complaint, CBM seeks a declaration from this Court that the regulations found in Chapter 171 of Title 67 of the Pennsylvania Code do not apply to it. Alternatively, in Counts II and III, CBM argues that *if the regulations apply to it*, then the enforcement thereof constitutes a violation of the RFPA. In order to evaluate whether the regulations' enforcement here violates the RFPA, however, we first must determine whether the regulations are applicable to CBM—*i.e.*, precisely what we must evaluate in Count I. The omphalos of this litigation is whether the regulations under the Vehicle Code are enforceable against CBM, and Counts II and III are peripheral to that central question and only become relevant if the regulations would otherwise apply.

Without first answering that threshold question, any opinion regarding the RFPA's application to the regulations is tantamount to an advisory opinion, as it does not serve to determine the resolution of the controversy now before the Court. If we were to conclude here that the regulations are not exempted from the RFPA, only to later conclude that the regulations did not apply to CBM, our opinion in this matter would be rendered academic. As such, Respondents' challenges to Counts II and III of the Amended Complaint are not yet ripe for disposition, as they presume that the regulations apply to CBM's conduct.

8

Accordingly, we overrule Respondents' preliminary objection without prejudice, as to provide Respondents an opportunity to again raise these arguments in a motion for summary judgment once discovery is complete.

_____
P. KEVIN BROBSON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

C B M Ministries of South Central
Pennsylvania, Inc.,
      Petitioner

    v.

Commonwealth of Pennsylvania,
Department of Transportation; and
Commonwealth of Pennsylvania,
Pennsylvania State Police; and
Leslie S. Richards, in her official
capacity as Secretary of the
Pennsylvania Department of
Transportation and Colonel
Tyree C. Blocker, in his Official
capacity as acting commissioner
of the Pennsylvania State Police,
      Respondents

No. 206 M.D. 2018

# **O R D E R**

AND NOW, this 9th day of January, 2019, the preliminary objection filed by Respondents in this matter is OVERRULED. Respondents are directed to file an answer to the amended complaint filed by C B M Ministries of South Central Pennsylvania, Inc. within thirty days of this order.

            _____
            P. KEVIN BROBSON, Judge